## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN THE MATTER OF:

     THOMAS R. FRENCH,         )

                 Appellant/Debtor,    )

                                 )

                v.               )      Case No. 12 CV 01896

                                 )

BMO HARRIS BANK N.A., as successor in interest )    Appeal of Case No 12 B 01152

to HARRIS TRUST & SAVINGS BANK,       )    Judge A. Benjamin Goldgar

                                 )

            Appellee/Creditor.    )

## BRIEF OF APPELLEE

GABRIELLA R. COMSTOCK
KEOUGH AND MOODY, P.C.
Attorney Number 06236880
Attorney for Creditor
1250 East Diehl Road, Suite 405
Naperville, IL 60563
(630) 245-5068

## TABLE OF CONTENTS

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    **THIS COURT MUST DISREGARD ANY STATEMENT OF FACTS ASSERTED BY DEBTOR WHICH ARE NOT SUPPORTED BY THE RECORD ON APPEAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        Fed. R. Bankr. R. 8010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        Fed. R. Bankr. R. 8010(a)(1)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        Fed. R. Bankr. R. 8010(a)(1)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    **THIS COURT MUST AFFIRM THE BANKRUPTCY COURT'S RULING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        11 U.S.C. §101(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

        11 U.S.C. §101(12) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        Johnson v. Homes State Bank,
        501 U.S. 78 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        11 U.S.C. §1322(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

        In re Threats
        159 B.R.241 (Bankr. N.D. Ill. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        In re Tewell,
        355 B.R. 674 (Bankr. N.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        In re Allen,
        30 B.R. 105 (Bankr. D.D.C. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        In re Gwaltney
        07-29919 (Bankr. E.D. WI 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        Nazarova v. Immigration & Naturalization Service,
        171 F. 3d 48, 485 (7th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        In re Garcia,
        276 B.R. 627 (Bankr. D. Ariz. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATEMENT OF FACTS

On January 13, 2012, Thomas R. French (hereinafter "Debtor") filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code. Record on Appeal (hereinafter "ROA") Page 1. The attorney of record who filed the Petition for the Debtor was David M. Siegel & Associates. ROA Page 7. Debtor's Petition, in Schedule A, listed him as the owner of the property commonly known as 34901 Hiawatha Trail, McHenry, Illinois (hereinafter "the subject property"). ROA Page 12. Schedule D of the Petition identifies BMO Harris Bank N.A. , as successor in interest to Harris Trust & Savings Bank (hereinafter "Harris") as a secured creditor of the Debtor. ROA Page 17. Debtor also provides in his Bankruptcy Plan that he will make direct payments to Harris and to cure the default. ROA Page 46.

As noted by Debtor, Harris' interest in the subject property is pursuant to a Mortgage. ROA Page 56. The parties to the mortgage are Harris and Ann K. Sobotta (hereinafter "Sobotta"). ROA Page 56. Debtor is not a party to the mortgage. ROA Pages 56-72. Sobotta defaulted on her payments due and owing under the mortgage to Harris. ROA Pages 53-54. Harris initiated a foreclosure action against Sobotta in the Circuit Court of Lake County, which was filed on February 5, 2010, and assigned case number 2010 CH 638. ROA Page 54. Sobotta is deceased. ROA Page 54. On July 27, 2010, the Estate of Sobotta conveyed ownership in the subject property to Debtor. ROA Pages 76-78.

Accordingly, on February 10, 2012, Harris filed a Motion for Relief from Stay (hereinafter "Motion") which was presented to the Court on February 17, 2012. ROA Pages 51-78. In its Motion, Harris argued that the Debtor is not the borrower under Harris' mortgage and note with

4

Sobotta; hence, Harris is not a creditor of Debtor's estate as Harris has no claim against the Debtor. 11 U.S.C. §101(10). ROA Pages 53-55. Harris also argued that the obligation by Sobotta under Harris' mortgage and note is not a debt of Debtor's Estate as the Debtor has no liability on Harris' claim. 11 U.S.C. §101(12). Harris argued it lacked adequate protection and was injured each day it remained bound by the automatic stay since the Debtor is not liable to Creditor and Harris' debt is not a debt that belongs to the Debtor. ROA Pages 53-55. When the Motion was presented on February 17, 2012, the Bankruptcy Court entered a briefing scheduling with a subsequent hearing date of March 9, 2012. ROA Page 3.

Debtor filed a written response to the Motion. ROA Pages 81-89. Likewise, Harris filed a reply brief. ROA Pages 92-95. On March 9, 2012, the Motion was granted. ROA Page 105. Thereafter, Debtor filed a Notice of Appeal. ROA Page 104. Debtor also filed an Emergency Motion to Stay Enforcement of the March 9, 2012 Order, which was before the Court on March 14, 2012. ROA Pages 106-12. At that time, the Bankruptcy Court entered an Order Denying Motion for Stay Pending Appeal. ROA Pages 117-21. This appeal followed.

## ARGUMENT

The issue on appeal is whether the automatic stay as to Harris should not have been lifted and whether the Debtor should be allowed to cure the default under the mortgage between Harris and Sobotta through Debtor's Chapter 13 Plan. *See* Page 6 of Appellant's Brief. For the reasons stated herein, this Court should affirm the ruling of the Bankruptcy Court.

### A.
### THIS COURT MUST DISREGARD ANY STATEMENT OF FACTS ASSERTED BY DEBTOR WHICH ARE NOT SUPPORTED BY THE RECORD ON APPEAL

Federal Rules of Bankruptcy Procedure 8010 governs the form of briefs to be filed by the parties. Fed. R. Bankr. R. 8010. The Rule provides that a statement of facts presented for review shall be supported by reference to the record on appeal. Fed. R. Bankr. R. 8010(a)(1)(D). The Rule also provides that the argument within the brief shall not only cite to any authority and statutes but also to the " . . . parts of the record relied on." Fed. R. Bankr. R. 8010(a)(1)(E).

In his Statement of Fact, Debtor refers to facts that are not supported by the Record on Appeal. For example, Debtor states facts related to the time the Motion for Relief was first presented to the Bankruptcy Court on February 17, 2012, which do not contain any cites to the Record on Appeal. *See* page 4 of Appellant's Brief. In the "Argument" section of the brief, Debtor also refers to what was raised by the Bankruptcy Court at the initial presentation of the Motion. *See* page 9 of Appellant's Brief. Again, this reference does not contain any cites to the Record on Appeal. *See* page 9 of Appellant's Brief. Interestingly, these unsupported statements of fact are made by Debtor's attorney, *who was not even the attorney of record at the time the Motion for Relief was presented or eventually heard on March 9, 2012*. ROA Page 103. Pursuant to Federal Bankruptcy Rule 8010, such statements by Debtor should be disregarded by this Court as they are not supported by the Record on Appeal.

## B.
## THIS COURT MUST AFFIRM THE BANKRUPTCY COURT'S RULING

The Bankruptcy Court properly determined that the Automatic Stay as to Harris should be lifted. ROA Page 102. Harris moved for relief from stay arguing that the Debtor is not the borrower under Harris' mortgage and note with Sobotta; hence, Harris is not a creditor of Debtor's estate as Harris has no claim against the Debtor. 11 U.S.C. §101(10). ROA Pages 53-55. Harris also argued

that the obligation by Sobotta under Harris' mortgage and note was not a debt of Debtor's Estate as the Debtor has no liability on Harris' claim. 11 U.S.C. §101(12).ROA Pages 53-55.

The plain language of the United States Bankruptcy Code is not in dispute. The Bankruptcy Code defines a "creditor" as 1.) an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; 2.) an entity that has a specific kind of claim against the estate; or 3.) an entity that has a community claim. 11 U.S.C. § 101(10)(A)-( C). The Bankruptcy Code defines a "debt" as liability on a claim. 11 U.S.C. §101(12).

In response to the Motion for Relief, Debtor filed a written response in which he argued that Harris was a creditor of the Debtor under Johnson v. Homes State Bank, 501 U.S. 78 (1991). ROA Pages 81-89. Like he does here, Debtor argued before the Bankruptcy Court that Harris was a creditor of Debtor's, since it has an *in rem* claim against the subject property. ROA Pages 81-89 and *see* page 7 of Appellant's Brief. In fact, the Bankruptcy Court agreed with Debtor that Harris is a creditor of Debtor, based on the ruling in Johnson. ROA Page 118. The Bankruptcy Court granted the Motion for Relief as it " . . . concluded that French's attempt to treat the mortgage in his case was inconsistent with Section 1322(b)(2) of the Code, 11 U.S.C. §1322(b)(2.)". ROA Page 118. While Debtor may be correct that §1322(b)(3) states that a debtor's Chapter 13 plan may ' "provide for the curing or waiving of any default."', this ignores the language of §1322(b)(2) of the Bankruptcy Code. *See* page 8 of Appellant's Brief. Section 1322(b)(2) prevents a Chapter 13 Plan from modifying the rights of a secured claim on real property that is the debtor's principal residence. 11 U.S.C. §1322(b)(2). Here, Harris is a secured creditor on property that is the Debtor's principal residence, as noted on his Chapter 13 Petition. ROA Pages 51-53. Accordingly, Debtor's Plan cannot modify Harris' secured interest in the subject property.

In his Brief, Debtor suggests that the issue related to the "due on sale clause" was asserted only by the Bankruptcy Court. *See* page 9 of Appellee's Brief. As stated above, since this argument by the Debtor is not supported by the Record on Appeal, it should be disregarded by this Court. Yet, even if considered by this Court, it must be noted that Debtor presented this argument in his Response to the Motion for Relief. ROA Pages 81-89. In his response brief , Debtor relied on several cases related to this issue. ROA Pages 81-89. However, the problem with Debtor's argument as noted by the Bankruptcy Court, is that the Debtor seeks to "cure" a default and restore the parties to a position that ***never existed.*** In other words, if this Court were to accept Debtor's argument, §1322(b)(2) would be violated since the rights of Harris, a secure creditor because of its interest against Debtor's primary residence, would be modified.

The Debtor In re Threats attempted to do the same thing. 159 B.R.241 (Bankr. N.D. Ill. 1993). Like in this case, in Threats, the creditor seeking to lift the stay did not stand in a mortgagee-mortgagor relationship with the Debtor. Id. at 242. Yet, that debtor attempted to "cure" the default under the mortgage. Id. Judge Katz correctly noted in Threats that "[t]here can therefore be no cure" since there was no mortgagee -mortgagor relationship to restore. Id. at 243. Judge Katz also noted that to allow this would defeat the due-on-sale clause and modify the lender's rights. Id. at 243. Similarly, here, allowing Debtor's to cure the default in his Chapter 13 Plan would result in a modification of Harris' secured claim. While Courts in the Northern District of Illinois have found a cure permissible, as correctly noted by Debtor, there are Courts that have not, as also noted by Debtor. The rationale for denying a cure are more persuasive and just. *See* In re Tewell, 355 B.R. 674 (Bankr. N.D. Ill. 2006)*;* In re Threats, 159 B.R. 241 (Bankr. N.D. Ill. 1993); and In re Allen, 30 B.R. 105 (Bankr. D.D.C. 2003).

Further, Debtor's reliance on <u>In re Gwaltney</u> is misplaced and inappropriate. First, as noted by Debtor, <u>In re Gwaltney</u> is an unpublished opinion. An unpublished opinion should not be considered by this Court as it has no precedential value. <u>Nazarova v. Immigration & Naturalization Service</u>, 171 F. 3d 48, 485 (7th Cir. 1999). Second, <u>In re Gwaltney</u> is distinguishable as the Lender in that case knew of the parties' intentions, including the intent to violate the due-on-sale clause, but turned a "blind eye" to the action. *See* Exhibit to Appellant's Brief. To allow the creditor in <u>Gwaltney</u> to take any other position, would be wrong, based on the facts in that case. Here, there are no facts to support the same finding and in fact, the time of when title transferred further warranted the granting of the Motion by the Bankruptcy Court.

Finally, Debtor's reliance on <u>In re Garcia</u> is also misplaced as Arizona law regarding "due on sale" clauses is different than that of Illinois law. *See* page 13 of Appellant's Brief and 276 B.R. 627 (Bankr. D. Ariz. 2002). Contrary to that asserted by Debtor, the "due on sale" clause is relevant for this Court, as it was for the Bankruptcy Court, as this clause directly impacts how the Chapter 13 Plan should be reviewed. That is, this language within the underlying mortgage, determines whether the Chapter 13 plan attempts to modify the rights of a secured creditor.

## CONCLUSION

The Bankruptcy Court properly determined that the automatic stay as to Harris should be lifted. While the Bankruptcy Court agreed with Debtor that Harris is a "creditor" of Debtor's, allowing Debtor to cure the default under the mortgage would modify the underlying agreement. As this is prohibited per the terms of the Bankruptcy Code, the actions of the Bankruptcy Code was proper.

WHEREFORE, BMO HARRIS BANK N.A., as successor in interest to Harris Trust & Savings Bank, respectfully requests that this Court affirm the ruling of the Bankruptcy Court, and for any additional relief that this Court deems just and proper.

Respectfully submitted,
BMO HARRIS BANK, N.A., as successor in interest to Harris Trust & Savings Bank,


By: _____ /s/ Gabriella R. Comstock _____
       One of its attorneys


GABRIELLA R. COMSTOCK
KEOUGH AND MOODY, P.C.
Attorney Number 06236880
Attorney for Creditor
1250 East Diehl Road, Suite 405
Naperville, IL 60563
(630) 245-5068
S:\data\client\Harris CLC\Bankruptcy\Sobotta\Appeal\brief.appellee.wpd