# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1896 | **DATE** | 4/30/2012 |
| **CASE TITLE** | French vs. BMO Harris Bank, N.A. | | |

**DOCKET ENTRY TEXT**

The Court vacates the March 9, 2012 order of the bankruptcy court that lifted the automatic stay as to Appellee BMO Harris Bank N.A.  The case is remanded to the U.S. Bankruptcy Court, Northern District of Illinois (Chicago) for further proceedings consistent with the enclosed Order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Appellant Thomas R. French ("French") appeals the March 9, 2012 order of the United States Bankruptcy Court for the Northern District of Illinois that granted the motion of Appellee BMO Harris Bank, N.A. ("Harris Bank") for relief from the automatic stay.  For the following reasons, the Court vacates the order of the bankruptcy court, and remands this case for further proceedings consistent with this Order.

Continued...

| | |
|---|---|
| Courtroom Deputy Initials: | KF |

# BACKGROUND

On or about October 31, 2003, Ann K. Sobotta executed a mortgage in the amount of $160,000 in favor of Harris Trust and Savings Bank, successor in interest to Appellee Harris Bank, that was secured by certain real estate at 34901 North Hiawatha Trail, McHenry, Illinois, 60051 (the "Property"). (R. 1, Ex. 3, Record on Appeal ("Record") at 56-78.) The mortgage contained a "due on sale" clause, which provides that:

> If all or any part of the Property or any Interest in the Property is sold or transferred . . . without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

(*Id.* at 66, Mortgage § 18.)

In or about July of 2009, Sobotta defaulted on her regular mortgage payments by failing to make required payments of principal and interest. (*Id.* at 53-54.) Harris Bank thereafter filed a foreclosure action against the Property in the Circuit Court of Lake County on February 5, 2010. (*Id.*) On or about June 16, 2010, following Sobotta's death, the Property was conveyed to French pursuant to an Independent Executor's Deed. (*Id.* at 76-78.)

On January 13, 2012, during the pendency of the state foreclosure action, French filed a voluntarily petition (the "Petition") for relief in the United States Bankruptcy Court for the Northern District of Illinois under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301 *et seq*. (*Id.* at 5-45; *see also id.* at 26 (disclosing pending action by Harris Bank in Lake County, Illinois).) Scheduled A of the Petition lists the Property, valued at $190,000, as French's only real asset. (*Id.* at 10, 12.) Schedule D of the Petition identifies Harris Bank as a creditor of French that holds a secured interest in the Property in the amount of $135,000. (*Id.* at 10, 17.) In his Chapter 13 Plan, filed in the bankruptcy court, French proposes that the bankruptcy trustee make arrearage payments of $1,296 per month to "Harris Mortgage" for an estimated total payment of $50,000. (*Id.* at 47.)

As an immediate consequence of French's bankruptcy filing, French "received the protection of an automatic stay" pursuant to Section 362(a) of the Bankruptcy Code. *See Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001) (citing 11 U.S.C. § 362(a)). That section "operates as a stay, applicable to all entities," 11 U.S.C. § 362(a), of almost all proceedings against the debtor and the debtor's property. *See In re Brittwood Creek*, *LLC*, 450 B.R. 769, 774-75 (N.D. Ill. 2011) (citing *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503, 106 S. Ct. 755, 88 L. Ed. 2d 859 (1986)). The bankruptcy court may nonetheless, as it did here, "grant a party relief from the stay if it finds that the moving party's interest in the property can be better protected or for any other cause the court finds to be worthy." *Matter of C & S Grain Co., Inc.*, 47 F.3d 233, 237-38 (7th Cir. 1995) (citing 11 U.S.C. § 362(d)).

On February 10, 2012, Harris Bank moved for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2), arguing, *inter alia*, that it is not a creditor of French and lacks adequate protection because the Property is a "rapidly depreciating asset." (*Id.* at 79, 81-89.) On March 9, 2012, the bankruptcy court granted the motion, ordering that the "automatic stay is lifted as to [Harris Bank], as to the property commonly known as 34901 Hiawatha Trial, McHenry, Illinois." (*Id.* at 103.)

French now appeals. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a). *In re Lewis*, 459 B.R. 281, 291 (N.D. Ill. 2011) ("An order granting relief from an automatic stay pursuant to 11 U.S.C. § 362 is final for purposes of filing an appeal.") (citing *In re Boomgarden*, 780 F.2d 657, 659-60 (7th Cir. 1985)); *see also In re James Wilson Assoc.*, 965 F.3d 160, 165-68 (7th Cir. 1992).

**STANDARD OF REVIEW**

"The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Morg. Corp.*, 319 F.3d 912, 916 (7th Cir. 2003) (citing *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998)); *see also In re Quay Corp., Inc.*, No. 05 C 7265, 2006 WL 931734, at *2 (N.D. Ill. Apr. 6, 2006) ("The decision to modify a stay rests with the discretion of the bankruptcy court and may only be overturned upon a showing of abuse of discretion.") (citing *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir. 1982)). "[A] court necessarily abuses its discretion when its decision is based solely on an erroneous conclusion of law." *Colon*, 319 F.3d at 916 (citing *United Air Lines, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 243 F.3d 349, 361 (7th Cir. 2001)). Additionally, the reviewing court examines the "bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (citing *In re Rivinius, Inc.*, 977 F.3d 1171 (7th Cir. 1992)); *see also In re Outboard Marine Corp.*, 386 F.3d 824, 827 (7th Cir. 2004) (citing *In re Lifschultz Fast Freight*, 132 F.3d 339, 343 (7th Cir. 1997)).

**DISCUSSION**

French appeals the bankruptcy court's order lifting the automatic stay as to Harris Bank with respect to the Property. (Record at 103.) The bankruptcy court modified the automatic stay based solely on its conclusion that Section 1322(b)(2) of the Bankruptcy Code barred French from proposing a Chapter 13 plan that treats the mortgage that Harris Bank holds. *See* 11 U.S.C. §§ 1301, *et seq.*

Under Chapter 13 of the Bankruptcy Code, "individual debtors may obtain adjustment of their indebtedness through a flexible repayment plan approved by a bankruptcy court." *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993). Section 1322(b) enumerates the appropriate contents of a Chapter 13 plan, and provides, in relevant part, that the plan "may modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . .*" 11 U.S.C. § 1322(b) (emphasis added); *see also In re Fair*, 450 B.R. 853, 856 (E.D. Wis. 2011).

The first step in determining whether a plan violates Section 1322(b)(2) is to identify the rights of the secured creditor at issue. *See Nobelman* 508 U.S. 324, 329-30. The rights at issue, as the Supreme Court has explained, are those "reflected in the relevant mortgage instruments, which are enforceable under [state] law." *Id.*; *see also In re Wilson*, 321 B.R. 222, 223 (Bankr. N.D. Ill. 2005) ("A mortgagee holds certain bargained-for rights under the mortgage, and those rights are protected from modification under § 1322(b)(2)."). The contract right thus must be enforceable as a matter of state law to fall within the scope of Section 1322(b)(2). *Cf. In re Mullin*, 433 B.R. 1, 13 (Bankr. S.D. Tex. 2010) (enforcing due on sale clause under § 1322(b)(2) because such clauses "are valid and enforceable in Texas"); *In re Tewell*, 355 B.R. 674, 681 (Bankr. N.D. Ill. 2006) (same under Illinois law); *In re Threats*, 159 B.R. 241, 243 (Bankr. N.D. Ill. 1993) (same but noting that the result would have been different if the contract rights at issue were unenforceable).

Here, the bankruptcy court properly looked to the underlying mortgage instrument to ascertain Harris Bank's rights. *See Nobelman* 508 U.S. 324, 329-30. The court identified one such right, namely Harris Bank's right under the "due on sale" clause to "deal only with the borrower to whom it made the original loan." (Record at 118.) The court observed that "due on sale clauses are . . . . valid" in Illinois (*id.* at 118 n.2), and that "French's attempt to use his chapter 13 case to substitute himself as the borrower modified" Harris Bank's right under that clause "in violation of section 1322(b)(2)." (*Id.* at 118.) Because French could not treat the mortgage in his Chapter 13 plan, the bankruptcy court reasoned, it was appropriate to lift the automatic stay to permit Harris Bank to foreclose on the Property. (*Id.*)

On appeal, the parties dispute whether the bankruptcy court erred in holding that Section 1322(b)(2) prohibits a debtor, like French, who is not the original mortgagor, from treating a defaulted home mortgage in a Chapter 13 bankruptcy plan, where the mortgage contains a "due on sale" clause. Courts have apparently come down on both sides of this question. *Compare In re Tewell*, 355 B.R. 674, 680 (Bankr. N.D. Ill. 2006) (granting motion to modify automatic stay because debtor could not treat mortgage) *with In re Flores*, 345 B.R. 615, 617

(Bankr. N.D. Ill. 2006) (denying motion to modify automatic stay because debtor could treat mortgage).  The Court, however, need not tackle that question because the "due on sale" clause at issue may not be enforceable under the circumstances of this case.

Although "due on sale" clauses are generally enforceable as a matter of Illinois law, federal law limits the validity of such clauses in certain circumstances.  *See* Garn-St. Germain Depository Institutions Act of 1982 (the "Garn-St. Germain Act" or "Act"), Pub. L. 97-320, 96 Stat. 1469, 1505-07, codified at 12 U.S.C. § 1701j-3.  Under the Garn-St. Germain Act and its implementing regulations, a mortgage lender, among other restrictions, "shall not exercise its option pursuant to a due-on-sale clause upon . . . [a] transfer to a relative resulting from the death of the borrower."  12 C.F.R. § 591.5(b)(1)(v)(A) (implementing 12 U.S.C. § 1701j-3(d)(5)); *see also In re Cantrell*, 270 B.R. 551, 555 n.10 (Bankr. D. Conn. 2001) (noting that the Act "prohibit[s] enforcement by a mortgage lender of its rights under a due-on-sale clause" as provided for in the statute); *Unifirst Fed. Sav. and Loan Ass'n v. Bowen*, No. J84-0697, 1984 WL 3290 (S.D. Miss. Aug. 17, 1984) ("Federal law has restricted the enforcement of the due-on-sale provisions in certain specific situations.") (citing 12 C.F.R §§ 591.5(b)(1)(i)-(vi)).

This restriction on the enforceability of due-on-sale clauses "creates a federal right" of the transferee, *see Dupuis v. Yorkville Fed. Sav.& Loan Ass'n*, 589 F. Supp. 820 (S.D.N.Y. 1984), and governs the "due-on-sale practices of . . . lenders . . . , in preemption of and without regard to any limitations imposed by state law on either their inclusion or exercise . . . ."  12 C.F.R. § 591.5(a); *see also In re Cady*, 440 B.R. 16, 20 n.9 (Bankr. N.D.N.Y. 2010) (holding that a mortgage due on sale clause was unenforceable under the federal statute, where the borrower transferred the property to her son and daughter-in-law); *In re Jordan*, 199 B.R. 68, 70 (Bankr. S.D. Fla. 1996) (holding that "the debtor, having received his ownership interest from his mother, did not need the consent of the mortgagee" pursuant to federal law).  *Cf. N. Comm. Bank v. Northwest Nat'l Bank of Chicago*, 126 Ill. App. 3d 581, 467 N.E.2d 1094 (Ill. App. Ct. 1981) (recognizing the preemptive effect of the Garn-St. Germain Act).

As applied to this case, French asserts (and Harris Bank does not dispute) that he is the nephew of the original borrower, Sobotta, his aunt.  It is undisputed that French "obtained the [P]roperty" "from the estate of one Ann K. Sobotta," whose estate conveyed the Property to French following Sobotta's death in February of 2010.  (Record at 117.)  If French is the nephew of Sobotta, as he claims, then the Garn-St. Germain Act appears to preclude Harris Bank from "exercis[ing] its option pursuant to [the] due-on-sale clause" because French obtained title through "[a] transfer to a relative resulting from the death of the borrower."  12 C.F.R. § 591.5(b)(1)(v)(A) (implementing 12 U.S.C. § 1701j-3(d)(5)); *see also In re Allen*, 300 B.R. 105, 117 (Bankr. D.D.C. 2003) (observing that many courts have "permitted cure and reinstatement" where the mortgagee "was barred by 12 U.S.C. § 1701j-3(d)(5) or (6) from accelerating the mortgage debt based on the transfer as the transfer was to a relative resulting from the death of the mortgagor or was to the mortgagor's child") (collecting cases).

If the Garn-St. Germain Act preempts any right that Harris Bank may otherwise have had under the "due on sale" clause as to French, then permitting French to treat the mortgage would not appear to modify Harris Bank's rights under that clause, in violation of § 1322(b)(2).        Plaintiff belatedly raised this argument in a sur-reply below, so the issue was never properly presented to the bankruptcy court for decision.  Given the existence of this federal statute, and the important policies at stake, the Court vacates the bankruptcy court's order lifting the automatic stay, and remands this action to the bankruptcy court to consider, in the first instance, whether, and if so how, the Garn-St. Germain Act affects French's ability to treat the mortgage in his Chapter 13 plan.  *See* Fed. R. Bankr. P. 8013 ("On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings").


## CONCLUSION

For the reasons explained above, the Court vacates the March 9, 2012 order of the bankruptcy court that lifted the automatic stay as to Harris Bank.  The case is remanded to the U.S. Bankruptcy Court, Northern District of Illinois (Chicago) for further proceedings consistent with the enclosed Order.